**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------

ELAINE WANG,                                    :
                                                :
            Plaintiff,                          :   Case No. 1:21-cv-5832
                                                :
v.                                              :
                                                :   **COMPLAINT FOR VIOLATIONS OF**
ICONIX BRAND GROUP, INC., BOB                   :   **SECTIONS 14(e), 14(d) AND 20(a) OF**
GALVIN, JUSTIN BARNES, PETER                    :   **THE SECURITIES EXCHANGE ACT**
CUNEO, DREW COHEN, and JAMES                    :   **OF 1934**
MARCUM,                                         :
                                                :   **JURY TRIAL DEMANDED**
            Defendants.                         :
--------------------------------------------------------  :

Elaine Wang ("Plaintiff"), by and through her attorneys, alleges the following upon
information and belief, including investigation of counsel and review of publicly-available
information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal
knowledge:

1.      This is an action brought by Plaintiff against Iconix Band Group, Inc. ("Iconix or
the "Company") and the members Iconix board of directors (the "Board" or the "Individual
Defendants" and collectively with the Company, the "Defendants") for their violations of Sections
14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection
with the proposed acquisition of Iconix by Iconix Acquisition LLC, an affiliate of Lancer Capital,
LLC (the "Parent") and Iconix Merger Sub (the "Purchaser").

2.      Defendants have violated the above-referenced Sections of the Exchange Act by
causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the
"Solicitation Statement") to be filed on July 2, 2021 with the United States Securities and
Exchange Commission ("SEC") and disseminated to Company stockholders.  The Solicitation

Statement recommends that Company stockholders tender their shares in support of a proposed transaction whereby the Purchaser, a wholly owned subsidiary of Parent, will merge with and into Iconix, with Iconix continuing as the surviving corporation and as a wholly owned subsidiary of Parent (the "Proposed Transaction").  Pursuant to the terms of the definitive agreement and plan of merger the companies entered into, dated June 11, 2021 (the "Merger Agreement"), each Iconix common share issued and outstanding will be converted into the right to receive $3.15 in cash (the "Merger Consideration"). In accordance with the Merger Agreement, Merger Sub commenced a tender offer to acquire all of Iconix's outstanding common stock and will expire on July 30, 2021 (the "Tender Offer").

3.      Defendants have now asked Iconix's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.  Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) Iconix's financial projections relied upon by the Company's financial advisor, Ducera Partners LLC ("Ducera") in its financial analyses; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by Ducera. The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as Iconix stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4.      It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the tender offer.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Iconix's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.      Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Iconix is headquartered in this District.

## PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of Iconix common stock and has held such stock since prior to the wrongs complained of herein.

10.      Individual Defendant Bob Galvin has served as a member of the Board since October 2018 and is the Company's President and Chief Executive Officer.

11.      Individual Defendant Justin Barnes has served as a member of the Board since 2018.

12.      Individual Defendant Peter Cuneo has served as a member of the Board since 2006 and is the Chairman of the Board.

13.     Individual Defendant Drew Cohen has served as a member of the Board and since April 2004.

14.     Individual Defendant James Marcum has been a member of the Board since October 2007.

15.     Defendant Iconix is incorporated in Delaware and maintains its principal offices at 1450 Broadway, Third Floor, New York, New York 10018.  The Company's common stock trades on the NASDAQ Stock Exchange under the symbol "ICON."

16.     The defendants identified in paragraphs 10-14 are collectively referred to as the "Individual Defendants" or the "Board."

17.     The defendants identified in paragraphs 10-15 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### A.     The Proposed Transaction

18.     Iconix, a brand management company, owns and licenses a portfolio of consumer brands in the United States and internationally. It operates in four segments: Women's, Men's, Home, and International. The company's brand portfolio includes Candie's, Bongo, Joe Boxer, Rampage, Mudd, London Fog, Mossimo, Ocean Pacific/OP, Danskin/Danskin Now, Rocawear, Cannon, Royal Velvet, Fieldcrest, Charisma, Starter, Waverly, Ecko Unltd/Mark Ecko Cut & Sew, Zoo York, Umbro, Lee Cooper, and Artful Dodger brands. It also owns interests in the Material Girl, Ed Hardy, Truth or Dare, Modern Amusement, Buffalo, Hydraulic, and Pony Brands. The company licenses its brands across a range of product categories, such as fashion apparel, footwear, accessories, sportswear, home furnishings and décor, and beauty and fragrances. Iconix licenses its brands through direct-to-retail and traditional wholesale licenses; and sells products bearing its brands through various distribution channels. The Company was formerly known as

4

Candie's, Inc. and changed its name to Iconix Brand Group, Inc. in July 2005. Iconix was incorporated in 1978 and is based in New York, New York.

19.     On June 11, 2021, the Company announced the Proposed Transaction:

> NEW YORK, June 11, 2021 (GLOBE NEWSWIRE) -- Iconix Brand Group, Inc. (Nasdaq: ICON) ("Iconix" or the "Company") today announced it has entered into a definitive agreement and plan of merger to be acquired by Iconix Acquisition Corp., an affiliate of Lancer Capital, LLC ("Purchaser"), in an all-cash transaction that values Iconix at approximately $585 million, including net-debt.

> "Today's announcement represents the culmination of a year-long examination by our Board of Directors of strategic alternatives for the Company," said Bob Galvin, Chief Executive Officer. "After a thorough and deliberative examination of all potential strategic alternatives, the Board of Directors determined that the transaction with Lancer provides the best value for our stockholders. We expect that Iconix will continue developing its brands and supporting its partners as a private company."

> Upon the terms and subject to the conditions of the agreement, Purchaser will commence a tender offer to acquire all of the outstanding shares of Iconix's common stock for $3.15 per share, in cash. The offer price per share of common stock represents a premium of 28.6% over Iconix's closing share price on June 10, 2021, the last trading day prior to announcement and a premium of approximately 46.5% over the 30-day average volume weighted share price for the period ended June 10, 2021.

> Shares not tendered in the offer will be acquired in a second-step merger at the same cash price as paid in the offer. Closing of the transaction is conditioned upon, among other things, satisfaction of a minimum tender condition, clearance under the Hart-Scott-Rodino Antitrust Improvements Act of 1976 and other customary closing conditions. Upon completion of the transaction, Iconix will become a private company. Iconix currently expects the transaction to close before the end of the third quarter of 2021.

> The Iconix board of directors has unanimously approved the transactions contemplated by the agreement, and determined that the agreement and the transactions contemplated by the agreement, are fair to, and advisable and in the best interests of the Company and its stockholders, and recommends the Company's stockholders tender their shares in the offer.

> Ducera Partners is serving as financial advisor, and Dechert LLP is
> serving as legal counsel to Iconix. The Purchaser is being advised
> by Latham & Watkins LLP. Purchaser has obtained a debt financing
> commitment from Silver Point Capital.

* * *

20.     It is therefore imperative that Iconix's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

**B.      The Materially Incomplete and Misleading Solicitation Statement**

21.     On July 2, 2021, Iconix filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.  The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction.  The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions.  However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

22.     The Solicitation Statement fails to provide material information concerning financial projections by Company management and relied upon by Ducera in its analysis. The Solicitation Statement discloses management-prepared financial projections for the Company which are materially misleading. The Solicitation Statement indicates that in connection with the rendering of its fairness opinion, that the Company prepared certain non-public financial forecasts (the "Company Projections") and provided them to the Board and the financial advisors with forming a view about the stand-alone valuation of the Company. Accordingly, the Solicitation

6

Statement should have, but fails to provide, certain information in the projections that Gain Capital management provided to the Board and the financial advisors. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

23.     For the Company Projections, the Solicitation Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics: Consolidated EBITDA, Consolidated Adjusted EBITDA, and Unlevered Free Cash Flow, but fails to provide line items used to calculate these metrics and/or a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a).

24.     When a company discloses non-GAAP financial measures in a Solicitation Statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

25.     The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its

usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other non-discretionary expenditures that are not deducted from the measure.[1]

26.     Thus, to cure the Solicitation Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Solicitation Statement, Defendants must provide a reconciliation table of the non-GAAP measure to the most comparable GAAP measure to make the non-GAAP metrics included in the Solicitation Statement not misleading.

27.     With respect to Ducera's *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) line items used to calculate the Company's unlevered free cash flows; (ii) the projected terminal values for the Company; (iii) the inputs and assumptions underlying the use of exit adjusted EBITDA multiple ranging from 7.50x - 8.50x (iv) the inputs and assumptions underlying the range of discount rates ranging from 11.0% to 13.0%; (v) the Company's estimated weighted average cost of capital; (vi) the Company's net operating losses and the tax benefits thereof; (vii) the inputs and assumptions underlying the range of discount rates ranging from 16.0% to 18.0% to calculate the present value of the tax benefits of the net operating losses; and (viii) the Company's estimated cost of equity capital.

28.     With respect to Ducera's *Public Trading Peers Valuation Analysis*, the Solicitation Statement fails to disclose: (i) the reason why only one public peer company was selected and analyzed; (ii) the multiples and metrics for Sequential observed in the analysis; and (iii) the basis for choosing a multiple range of 7.0x to 8.0x

---

[1] U.S. Securities and Exchange Commission, Non-GAAP Financial Measures, last updated April 4, 2018, available at: https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm

29.     With respect to Ducera's *Analysis of Precedent Transactions*, the Solicitation Statement fails to disclose: (i) the closing date of the Galaxy/Apex transaction; and (ii) the transaction value of the Galaxy/Apex transaction.

30.     In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender their shares, and they are thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for
Violations of Section 14(e) of the Exchange Act**

31.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

32.     Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

33.     Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in

order to make the statements made, in light of the circumstances under which they were made, not misleading.

34.     The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisor's valuation analyses and resultant fairness opinion.

35.     In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

36.     The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares or seek appraisal. In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

37.     Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

38.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

**COUNT II**
**Violations of Section 14(d)(4) of the Exchange Act and**
**Rule 14d-9 Promulgated Thereunder**
**(Against All Defendants)**

39.     Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

40.     Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the Tender Offer.

41.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

42.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

43.     Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

44.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

11

## COUNT III

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

45.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

46.     The Individual Defendants acted as controlling persons of Iconix within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of Iconix, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Iconix, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

47.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Iconix, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction.  The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

49.     In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.  The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.  The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

50.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

52.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

A.     Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

B.      Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

C.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

D.      Granting such other and further equitable relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

DATED: July 7, 2021                    **MELWANI & CHAN LLP**

                                       /s *Gloria Kui Melwani*
                                       Gloria Kui Melwani (GM5661)
                                       1180 Avenue of the Americas, 8th Fl.
                                       New York, New York 10036
                                       Tel: (212) 382-4620
                                       Email: gloria@melwanichan.com

                                       *Attorneys for Plaintiff*